**ADAMSON et al., Appellants,**

v.

**TATE TOWNSHIP BOARD OF ZONING APPEALS, Appellee.**

Court of Common Pleas of Ohio,
Clermont County.

No. 95–CV–0005.

Decided March 27, 1996.

**18**

*George P. Leicht,* for appellants.

*John C. Korfhagen,* for appellee.

ROBERT P. RINGLAND, Judge.

Appellants Rodney Adamson et al. appeal the denial of their request for variance by appellee, Board of Zoning Appeals of Tate Township. Upon reviewing the briefs, argument, and exhibits submitted by the parties, as well as the Zoning Regulations of Tate Township, the court took the matter under advisement.

Plaintiffs-appellants live on a twenty-acre lot bordering two roads: Happy Hollow Road, a public street, and Brandi Lane, a private road that is not maintained by the township or any other political subdivision. In 1992, the Adamsons built a small outbuilding for storage of lawn equipment. The outbuilding is located to the side of and in front of the house in relation to Brandi Lane, and to the side of and behind the house in relation to Happy Hollow Road. At the time the outbuilding was constructed, Brandi Lane extended only as far as the appellants' driveway. It has since been extended past appellants' property to the south, where an adjoining owner constructed a house.

In 1994, the Tate Township Zoning Inspector, while investigating a complaint on another property, noticed the appellants' outbuilding. The Inspector advised appellants that the outbuilding violated Tate Township Zoning Regulations, which allow outbuildings only in the rear yard.

Appellants filed application for a variance from the zoning regulations on September 11, 1995. The application came to a vote before the board of zoning appeals on November 2, 1995. Two members voted for the variance and one voted against. The minutes mistakenly read that the variance had passed and

the board adjourned. However, after the meeting, a board member noted that pursuant to the zoning regulations a variance must be passed unanimously to be valid. Tate Township Zoning Regulations ("TTZR"), Section 1(2)(b), Article VIII. The board subsequently notified appellants that the variance was denied. Appellants then filed a request for reconsideration, which was denied. Appellants then appealed to this court, requesting a declaratory judgment and injunctive relief. Appellee counterclaimed for injunctive relief.

Appellants first argue that the conclusion reached in the minutes is the official record of the actions of the board of zoning appeals, so the board must allow the variance because it was reported as approved in the minutes. This argument is not well taken.

At the meeting, two board members voted to grant the variance and one voted against. The plain language of the regulation states that "the concurring vote of the three (3) members of the Board shall be necessary * * * to grant any variance from the requirements stipulated in this Resolution." Section 1(2)(b), Article VIII, TTZR. Since the variance was not approved by all three members of the board, it must be and was denied by the board. A scrivener's error or a mistake of law cannot cancel or change the duly approved zoning regulations.

Any other result would allow government bodies to violate all regulations that bind them simply by conducting business with no regard to law. Such conduct is clearly not allowed. Municipal bodies are bound by the regulations and laws that created them. *State ex rel. Gerhardt v. Krehbiel* (1974), 38 Ohio St.2d 90, 67 O.O.2d 92, 310 N.E.2d 251.

Appellants next argue that the regulations regarding outbuildings are vague and therefore unenforceable. A statute or ordinance is impermissibly vague if it fails to give a person of ordinary intelligence notice that the conduct is forbidden by statute. *State v. Rice* (1995), 103 Ohio App.3d 388, 659 N.E.2d 826. The zoning regulations allow outbuildings only in the rear yard. "Rear yard" is defined in the zoning regulations as "that portion of the yard extending the full width of the lot and measured between the rear lot line and a parallel line tangent to the nearest part of the principal building." Article III, No. 32, TTZR. However, there is no definition given of "rear lot line." The regulations state that the "[f]ront, rear, and side lot lines are self-explanatory." Article III, No. 14, TTZR.

However, the regulations do give some indication of what is meant by a "front yard." First, the regulations state that buildings on corner lots must "meet the

front yard requirements * * * on both the street considered as the front street and the street considered as the side street." Section 8A, Article IV, TTZR. Also, "front yard" is defined in terms of the street right of way in the Residential "RC" District. Section 4(D)(3)(a), Article V, TTZR. Therefore, the front yard is determined by the street bordering the property.

This then begs the issue whether both Brandi Lane and Happy Hollow Road are "streets" under the zoning regulations. The regulations define "street" as "any highway or other *public* traffic-carrying way." (Emphasis added.) Article III, No. 27, TTZR. Brandi Lane is not a public road, but a private drive. It is arguably not a "street" under the zoning regulations. Under the zoning regulations, the appellants' front yard arguably is that area between their house and Happy Hollow Road. The undefined or vaguely defined rear yard is reasonably the area on the opposite side of the house and front yard, which means that the appellants' outbuilding can be construed, in this case, to be in the rear yard.

While the difference between Brandi Lane and Happy Hollow Road may not be apparent by looking at the roads, the zoning regulations make it clear that "street" is used to mean only public roads. Ordinances or regulations restricting property use are to be strictly construed, and any doubt as to meaning should be decided in favor of the landowner. *Whiteco Metrocom, Inc. v. Columbus* (1994), 94 Ohio App.3d 185, 640 N.E.2d 563.

Therefore, at worst the regulation is vague on its face, at best the appellants' outbuilding is not a violation of the regulation as currently written. On either theory, therefore, appellants are entitled to declaratory and injunctive relief. Since no zoning regulation has been violated, appellee is not entitled to an injunction. Appellants to submit entry accordingly.

*Judgment for appellants.*